## Case No. 874.

BANK OF COLUMBIA v. McKENNY.

[3 Cranch, C. C. 361.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

NEGOTIABLE INSTRUMENTS — TIME OF PROTEST — USAGE OF BANK — KNOWLEDGE OF INDORSER — BELIEF OF WITNESS—ADMISSIBILITY.

1. The belief of a witness. together with the facts upon which that belief is founded, is admissible evidence to the jury.

2. In June, 1819, the practice of the Bank of Columbia was. not to give out notes for protest until 3 o'clock, P. M., on the third day of grace.

3. The time for demand, notice, and protest of a promissory note discounted at a bank, depends upon the custom of the bank: and a person who indorses such a note, with the knowledge of the custom. is bound thereby.

[See Bank of Alexandria v. Wilson, Case No. 856.]

At law. Assumpsit [by the Bank of Columbia] against [Samuel McKenny,] the indorser of a promissory note, dated June 24, 1819, at 60 days.

Mr. Coxe and Mr. Marbury, for the defendant, objected to the question proposed to the notary who protested the note, whether from his recollection of the practice of the bank in giving out the notes for protest on the third day of grace, the date of the protest as stated in his notarial book was not a mistake, the date being on the second day of grace. The practice of the bank was, not to give out notes for protest until 3 o'clock, P. M., on the third day of grace.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion that the belief of the witness, accompanied by the facts upon which that belief was founded, was admissible in evidence to the jury.

Mr. Marbury. for the defendant; when a custom is once clearly proved and established, it is not necessary to prove it again in a subsequent suit. Raborg v. Bank of Columbia, 1 Har. & G. 237; Bank of Columbia v. Fitzhugh, Id. 248.

Mr. Coxe, for the defendant, then prayed the court to instruct the jury, that they "must be satisfied by the evidence, that the note was protested and notice given to the indorser on the fourth day of grace."

THE COURT (THRUSTON, Circuit Judge, contra) refused.

THE COURT (THRUSTON, Circuit Judge, doubting or dissenting) instructed the jury,

[1] [Reported by Hon. William Cranch, Chief Judge.]

that if they should be satisfied by the evidence that before and until the June term of this court, 1818, it was the custom of the Bank of Columbia, and the other banks in this district, to demand payment of notes discounted in such banks, not before the fourth day after the day limited for the payment thereof on the face of the notes, and to give notice on the said fourth day, and that such usage was generally known, the jury may infer that this defendant, when he indorsed the note, had reference to such usage, and if they should so infer, then the said demand of payment of the said note by the maker thereof, and notice to the defendant of the nonpayment thereof made and given on the 25th and 26th of August, 1819, were too soon, and did not make the defendant liable in this action as indorser of the said note; unless the jury should be satisfied by the evidence, that the custom and usage of the said bank, after the said June term, 1818, was so changed as to require payment of such notes to be demanded on the third day and notice of nonpayment given to indorsers on the fourth day after the day limited for the payment thereof on the face of the said notes, and that such change of the said custom of the said banks came to the knowledge of the defendant before, and was known to him at the time of his indorsement of the note upon which this suit is brought; in which case he may be presumed to have so indorsed in reference to the said last-mentioned custom; and if the jury should so find, then a demand of payment on the third day, and notice as aforesaid made and given on the fourth day after the day of payment expressed on the face of the note, were not too soon.